## Jefferson *v.* Department of Education.

Argued June 7, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Alvin E. Maurer, Jr.,* with him *Robert H. Maurer,* for plaintiff.

*Benjamin Frank,* Assistant Attorney General, for defendant.

OPINION BY JUDGE WILKINSON, July 6, 1972:

Plaintiff graduated from The Pennsylvania State University, receiving his baccalaureate degree in March, 1967. On March 25, 1967, the then Department of Public Instruction, now Department of Education, issued to him an Instructional I Certificate in Comprehensive Social Studies. The Certificate indicated that it was valid for three years.

Rule 10-222 of the Department of Education provides: "The Instructional II Certificate shall be a Permanent Certificate issued to an applicant who shall have completed three years of satisfactory teaching on an Instructional I Certificate, and who shall have completed twenty-four (24) semester credit hours of post-baccalaureate or graduate study at a regionally accredited institution."

The plaintiff had attended The Pennsylvania State University from 1948 to 1950, satisfactorily completing two years of the four-year course. He entered Boston College Law School in September, 1950, attending until June 8, 1951. It was in 1966 and 1967 that he returned to The Pennsylvania State University to complete the last two years and obtain his degree.

The issue in the case before us arose when plaintiff submitted credits earned at Boston College Law School

in 1950 and 1951 to fulfill the requirement of twenty-four semester credit hours of post-baccalaureate or graduate study. The Department declined to accept these credits as meeting the requirement, interpreting its Rule 10-222 to require the credits to be earned following graduation. Plaintiff then filed a complaint in mandamus praying that this Court direct the Department of Education to accept the Boston College Law School credits offered by the plaintiff toward Instructional II Permanent Teacher Certificate and to approve the application of the plaintiff for such a Certificate. The Department of Education having filed an answer, a Stipulation of Counsel was filed of record which eliminated the necessity for a hearing and placed the case in position for argument and decision by this Court.

We must agree with the interpretation placed on Rule 10-222 by the Department of Education and, accordingly, enter judgment for the defendant.

It is plaintiff's position that to so interpret Rule 10-222 would fail to give weight and meaning to the word "or," since "post-baccalaureate" and "graduate study" would be the same thing. This is not correct. Generally speaking, graduate study is post-baccalaureate, but in some special situations, graduate schools do permit a very limited amount of graduate study during the undergraduate period. It will be noted, under such limited circumstances, this is graduate study and not merely taking a graduate course for credit when a student is an undergraduate. Graduate courses can be, and frequently are, taken by undergraduates and the credits in the graduate course can apply for the undergraduate degree, but do not in any sense qualify as graduate study.

Under the circumstances here presented, we are not called upon to decide whether, under Rule 10-222 as

quoted above, attending law school following graduation would qualify as graduate study. There could be serious doubt on such a question, but it would qualify as post-baccalaureate study.

We cannot hold that the Department of Education acted arbitrarily or capriciously in failing to accept plaintiff's study at Boston College Law School as fulfilling the requirements of Rule 10-222 under the circumstances and facts here presented.

Accordingly, we make the following

### ORDER

Now, July 6, 1972, summary judgment is entered in favor of the defendant, Department of Education, and against the plaintiff, Thomas B. Jefferson.